# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RIVERTREE LANDING LLC**, a Florida limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 07 C 105 ) |
| **JULIANNE E. MURPHY**, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rivertree Landing LLC ("Rivertree") has filed a one count complaint for breach of contract against defendant Julianne E. Murphy. Defendant filed her answer and asserted eight affirmative defenses: (1) laches; (2) statute of limitations; (3) the contract is unconscionable and violates public policy; (4) res judicata; (5) waiver; (6) estoppel; (7) failure to mitigate; and (8) failure to attach a document that established standing. Plaintiff has moved to strike all of defendant's affirmative defenses. For the following reasons, the motion is denied.

I.

Under Federal Rule of Civil Procedure 12(f), the court may, upon its own motion or upon a motion by a party, strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is to be made "within 20 days after service of the pleading." *Id*. Motions under Rule 12(f) are generally disfavored, although they may be

granted if they remove unnecessary clutter from the case and serve to expedite, not delay. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Courts generally do not grant motions to strike unless the defect in the pleading causes some prejudice to the party bringing the motion. *See Affiliated Capital Corp. v. Buck*, No. 94 C 1497, 1994 WL 691189, at *4 (N.D. Ill. Dec. 2, 1994).

Affirmative defenses must comply with the pleading rules of Federal Rule of Civil Procedure 8, and must contain a short and plain statement upon which relief may be granted. *See Heller Fin., Inc.*, 883 F.2d at 1294. It is improper to assert something as an affirmative defense that is nothing more than a denial of an allegation contained in the complaint. *Instituto Nacional de Comercializacion Agricola (INDECA) v. Cont'l Illinois Nat'l Bank and Trust Co.*, 576 F. Supp. 985, 989 (N.D. Ill. 1983).

II.

Plaintiff's motion to strike suffers from several defects. First, it is untimely. Defendant's answer and affirmative defenses were filed on February 6, 2007; plaintiff's motion to strike was filed on April 5, 2007. Plaintiff does not dispute that its motion was filed 58 days after service of defendant's answer and affirmative defenses. (Def. Op. Mem. at 2.) This exceeds Fed. R. Civ. P. 12(f)'s requirement that the motion be made "within 20 days after service of the pleading." *See also Trull v. Microsoft Corp.*,

2

No. 97 C 2709, 1998 WL 25195, at *1 (N.D. Ill. Jan. 13, 1998) (Guzman, J.) (denying motion to strike as untimely); *Circuit Sys., Inc. v. Mescalero Sales, Inc.*, 925 F. Supp. 546 (N.D. Ill. 1996) (same).

Second, even if I were to consider it, the complaint confirms the existence of a potentially related case in Florida, upon which many of the affirmative defenses rest. Plaintiff's argument that the Illinois Credit Agreements Act ("CAA") bars the affirmative defenses of laches, statute of limitations, res judicata, waiver, estoppel, and failure to mitigate, is undermined by the complaint's references to the Florida Collection Action. (Compl. at ¶¶ 10, 12-13, 17.) At this stage of the case, the full extent of the Florida Collection Action has not been explored – much less set forth before me to the extent that a legal determination of the applicable law has been made – therefore defendant may well be able to argue in the future against the application of Illinois law or the pertinent contractual provisions on these grounds. Plaintiff does provide that the Florida Collection Action was governed by Illinois law. In doing so, plaintiff attaches a Stipulation and Agreed Order for Settlement to its reply brief – a document outside of the pleadings. Plaintiff also adds that the order has been defaulted on by defendant's husband. While this may be appropriate in a motion for summary judgment, it exceeds the scope of a Rule 12(f) motion. *See* 27A Fed. Proc., L. Ed. § 62:441 (2006)

("Ordinarily matters outside the pleadings are not considered on a [Fed. R. Civ. P.] 12(f) motion."). Accordingly, plaintiff's representations about the insignificance of the Florida Collection Action are insufficient to overcome the disfavor against motions to strike.

Third, plaintiff fails to identify how it is prejudiced by these affirmative defenses. Plaintiff's opening brief in support of this motion states that it understands that these defenses relate, in large part, to the Florida Collection Action. Also, as discussed, the complaint itself includes the Florida Collection Action among the facts relevant to plaintiff's claim. Accordingly, it would be a fair subject for discovery regardless of the affirmative defenses.

### III.

For the foregoing reasons, plaintiff's motion to strike is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: June 27, 2007